FILED
2026 Sep-17 AM 10:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

**ANTONIO VAZQUEZ-RANGEL,**

**Petitioner,**

**v.**

**JONATHON HORTON, *et al.*,**

**Respondents.**

**Case No. 1:26-cv-302-HDM-JHE**

# MEMORANDUM OPINION AND ORDER

On February 20, 2026, Petitioner Antonio Vazquez-Rangel filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. 1). Vazquez-Rangel was released from ICE custody on February 26, 2026, when he left the country, (doc. 10 at 2; doc. 19 at 8), and the Respondents[1] subsequently filed a Motion to Dismiss arguing that his release mooted his petition, (doc. 10). Vazquez-

[1] Vazquez-Rangel's petition names the following Respondents in their official capacities: (1) Jonathon Horton, Sheriff of Etowah County, Alabama, (2) Mellissa Harper, Director of ICE's New Orleans Field Office, (3) Todd Lyons, Acting Director of ICE, (4) Kristi Noem, Secretary of Homeland Security, and (5) Pamela Bondi, United States Attorney General. (Doc. 1, ¶¶ 24–28). Since Vazquez-Rangel filed his petition on February 20, 2026, Acting Director Lyons, Secretary Noem, and Attorney General Bondi have each left office and been replaced by David Venturella, Markwayne Mullin, and Todd Blanche, respectively, each of whom is "automatically substituted as a party." Fed. R. Civ. P. 25(d). *See also Toshkhua v. Smith*, No. 2:26-cv-194, 2026 WL 736768, at *1 n.2 (N.D. Ala. Mar. 16, 2026), *amended on reconsideration in part,* No. 2:26-cv-194, 2026 WL 1383408 (N.D. Ala. May 18, 2026).

Rangel responded to the Motion to Dismiss, (doc. 14), and the court referred this matter to the Magistrate Judge, (doc. 16 at 12).

On August 26, 2026, the Magistrate Judge issued a Report and Recommendation in which he recommended that the court grant the Respondents' Motion to Dismiss because Vazquez-Rangel's release from custody mooted his petition for a writ of habeas corpus. (Doc. 18). This matter is before the court upon Vazquez-Rangel's timely objections to that Report and Recommendation. (Doc. 19). Following a *de novo* review of governing law and the record in its entirety, including Vazquez-Rangel's objections, the court finds his objections are due to be **OVERRULED**, with the Magistrate Judge's Report and Recommendation **ACCEPTED AND ADOPTED** in full and the Motion to Dismiss **GRANTED**.

The court's adoption of the Magistrate Judge's Report and Recommendation in full following a *de novo* review of the record and governing law "obviates the need for the . . . court to prepare its own written findings of fact and statement of reasons" for its disposition of the Respondents' motion. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). *See also Williams v. Omega Lab'ys Inc.*, No. 25-13436, 2026 WL 1847300, at *2 (11th Cir. June 26, 2026) (per curiam) ("The [district] court did not abuse its discretion in overruling [the plaintiff's] objections, adopting the report and recommendation, and choosing not to restate what was already detailed in the adopted order."). Although it need not restate the Magistrate

Judge's thorough and correct application of the doctrine of mootness to a petition for a writ of habeas corpus, *Williams*, 2026 WL 1847300, at *2, the court notes that the determinative points for his recommendation were that (1) in his petition, Vazquez-Rangel sought only a release from ICE custody or a bond hearing related to such custody, and (2) by his own admission, he is no longer in ICE custody, (doc. 18 at 4). The court has thoroughly reviewed Vazquez-Rangel's objections, as well as the legal authorities cited therein, and finds that they do nothing to undermine either of these points and the Magistrate Judge's reasoning stands unimpeached.

Moreover, the Magistrate Judge's finding that Vazquez-Rangel's release from custody moots his petition for a writ of habeas corpus complies with both controlling authority from the Eleventh Circuit, *see, e.g.*, *Djadju v. Vega*, 32 F.4th 1102, 1106–07 (11th Cir. 2022); *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289–90 (11th Cir. 2019), and persuasive authority from other district courts, *see, e.g.*, *Rojas Blanco v. Warden, Fla. Soft Side S. Det. Ctr.*, No. 2:26-cv-1942, 2026 WL 2267443, at *1 (M.D. Fla. Aug. 6, 2026); *Castaneda v. Warden, Folkston ICE Processing Ctr.*, No. 5:26-cv-745, 2026 WL 1866717, at *1 (S.D. Ga. June 29, 2026); *Halimov v. Warden, Folkston ICE Processing Ctr.*, No. 5:26-cv-384, 2026 WL 1806743, at * 1

(S.D. Ga. June 23, 2026); *Lopez v. U.S Immigr. and Customs Enf't*, No. 2:26-cv-880, 2026 WL 1036239, at *1 (M.D. Fla. Apr. 16, 2026).[2]

For all the reasons set forth herein, the court **ORDERS** as follows:

1. Petitioner Antonio Vazquez-Rangel's objections, (doc. 19), are **OVERRULED.**

2. Pursuant to 28 U.S.C. § 636(b)(1)(C), the court **ACCEPTS AND ADOPTS** the Magistrate Judge's Report and Recommendation, (doc. 18), in full.

3. Respondents' Motion to Dismiss, (doc. 10), is **GRANTED** and Vazquez-Rangel's petition for a writ of habeas corpus, (doc. 1), is **DISMISSED WITHOUT PREJUDICE** as moot.

The court will enter a separate final order.

**DONE** and **ORDERED** on September 17, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE

[2] Vazquez-Rangel brought his habeas petition pursuant to 28 U.S.C. § 2241 to challenge federal custody, (doc. 1, ¶¶ 22, 57, 87), and, therefore, the court need not consider whether to issue him a certificate of appealability, *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).